JOHN H. HENDERSON v. WAGGONER, McCOY et al.

1. NOTE. *Knowledge that the proceeds will be used for unlawful purpose will not invalidate.* Mere knowledge on the part of bank officers that the money given on a note was to be used for an unlawful purpose, as in equipping a company to act against the United States, is not sufficient to invalidate the note, unless it be shown that in discounting the note it was the object and intent of the bank to aid in the unlawful purpose.

2. SAME. *Evidence. What competent to show motive.* A Circuit Judge charged the jury that they might look to all the acts, declarations, objects and purposes of the individuals composing the board of directors, in connection with other evidence, to ascertain the motives of the

Bank in discounting such a note. The introduction of such testimony was not excepted to, nor were any additional instructions asked to that given in the charge. Held, no error in this.

### FROM WILLIAMSON.

Appeal from the Circuit Court. JNO. V. WRIGHT, J.

D. CAMPBELL for Henderson.

J. G. WALLACE for Waggoner and McCoy.

DEADERICK, C. J., delivered the opinion of the court.

It sufficiently appears from the evidence, that the note sued on in this case was executed in renewal of a note given to the Planter's Bank prior to the adoption of the ordinance of secession from the Federal Union, by the State of Tennessee.

The defense upon the trial in the Circuit Court was, that the note was discounted by the bank with the intent and for the purpose of equipping a company, to engage in acts of hostility against the United States. And the argument is, that such a purpose and design on the part of the bank, rendered the note void, as being in contravention of public policy and the constitutions and laws of the United States and of the State of Tennessee.

The verdict and judgment were in favor of defendants, and plaintiff has appealed, in error, to this court.

As before stated, we think there is sufficient evidence to sustain the verdict, if the charge of the court is correct. And plaintiff in error relies mainly for a

Henderson *v.* Waggoner.

reversal of the judgment upon the alleged errors in the Judge's charge.

He stated to the jury, "that mere knowledge on the part of the bank officers, that the money, for which the note was given, was to be used for unlawful purposes, would not render the contract void. But that it was necessary that the proof should show, not only that the fact was known to the bank, but that the object and intent of the bank was to aid the rebellion, or to promote the cause of the Confederate States. It must have been the object and design of the bank, in affording the loan to the defendants, to have it used in aid of the rebellion." .

It is correctly argued, that this charge does not come fully up to the rule laid down in *Puryear* v. *McGavock et al.,* 9 Heis., 461.

But that opinion, I have been for some time satisfied, is subject to criticism, in not distinguishing between contracts, void for illegality of the consideration, and those void because against public policy, and consequently I think the rules laid down in the charge of the court in this case are sound, and sustained by authority. Indeed, in recent cases of high authority, the rule has been held, that mere knowledge of vendor, that an article innocent in itself, is to be used for an illegal or immoral purpose, makes the sale void. Ben. on Sales, section 506.

But this court has not adopted the rule last cited. We hold, therefore, that there was no error in the charge upon this point.

It is also insisted that the charge is erroneous in

instructing the jury that they might look to all the acts, declarations, objects and purposes of the individual members of the board of directors, as circumstances to be taken together with all the other evidence, to ascertain the objects and purposes of the bank, when it came to act on the paper presented for discount.

No exception was taken in the court below to the introduction of testimony as to the acts or declarations of individual members of the board of directors, nor was any instruction asked, additional to that given in the charge.

But it is said that this court held, in the case of *Jones* v. *Planters Bank*, 9 Heis., 455, that the motives of the board in making the loan, could be proved only by the record of its official action. This holding must have been intended to apply to the particular case, as there was in evidence in that case an extract from the records of the bank, showing its action and the motives for it. In many cases no such record of the motives or object of the bank would be made, and yet it would be competent otherwise to prove them.

We do not think that the admission of the testimony as to the acts and declarations of members of the board, in this case, was error, especially as no objection was made thereto—nor that the court erred in stating to the jury that they might look to such evidence together with all the other proof in the cause.

Upon the whole, we are of opinion that there is no error in the record, and the judgment will be affirmed.